RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 10 / 4 / 12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| KERRY DUNAWAY | DOCKET NO. 11-CV-1924; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| TIM WILKINSON, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION

Pro se Plaintiff Kerry Dunaway filed the instant civil rights complaint pursuant to 42 U.S.C. §1983. Plaintiff is an inmate in the custody of the Louisiana Department of Corrections, and he is incarcerated at the Winn Correctional Center in Winnfield Louisiana. He claims that he was denied medical care by Warden Tim Wilkinson, Nurse Practitioner Kathy Richardson, and Nurse Spence.

### *Factual Allegations*

Plaintiff claims that on August 16, 2011, he was diagnosed with scabies. He states that Nurse Practitioner Richardson prescribed "wrongful Permethrin Cream" knowing the medication would make his condition worse. He alleges that the medication turned his fingernail black and blue, which caused both of his hands to be infected. [Doc. #6, p.2]

Plaintiff alleges that Tim Wilkinson acted with deliberate indifference on September 8, 2011, when Plaintiff showed him the scabies infection. The warden said nothing was wrong with Pliantiff; however, the next day, Plaintiff tested positive for Scabies. [Doc. #6, p.2]

Plaintiff alleges that Nurse Spence acted with deliberate

indifference to his medical need on September 15, 2011, when she released Plaintiff from his isolation cell even though he was still infected with scabies. [Doc. #6, p.2]

Plaintiff states that he suffered an injury in that his fingernail turned black and blue as a result of being prescribed the "wrong" medication. [Doc. #6, p.2] Plaintiff's allegation that scabies medication caused a nail to become infected or turn colors is entirely conclusory. Moreover, this "injury" is de minimis. Plaintiff does not allege that he required medical treatment for the fingernail, or that he suffered pain in any way.

## Law and Analysis

To prevail under 42 U.S.C. § 1983, Plaintiff must demonstrate that he was denied adequate medical care in violation of the Eighth Amendment to the United States Constitution. "Although the Eighth Amendment 'does not, by its precise words, mandate a certain level of medical care for prisoners[,]' the Supreme Court has interpreted it as imposing a duty on prison officials to 'ensure that inmates receive adequate ... medical care.'" Easter v. Powell, 467 F.3d 459, 463 (5th Cir. 2006)(quoting Farmer v. Brennan, 511 U.S. 825, 832 (1994)). A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment when his conduct demonstrates **deliberate indifference to a prisoner's serious medical needs**, constituting an unnecessary and wanton infliction of pain. See Wilson v. Seiter, 501 U.S. 294, 297 (1991); Estelle v.

Gamble, 429 U.S. 97 (1976).

The Eighth Amendment deliberate indifference standard has both an objective and subjective component. See Farmer v. Brennan, 511 U.S. 825, 834 (1994). To establish deliberate indifference under this standard, the prisoner must show that the defendants (1) were aware of facts from which an inference of an excessive risk to the prisoner's health or safety could be drawn, and (2) actually drew an inference that such potential for harm existed. See id. at 837; Harris v. Hegmann, 198 F.3d 153, 159 (5th Cir. 1999). The Fifth Circuit has stated that the deliberate indifference standard is an "extremely high" one to meet. See Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001). A prison official acts with deliberate indifference only if he knows that the inmate faces a substantial risk of serious bodily harm, and he disregards that risk by failing to take reasonable measures to abate it. See Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006)(citing Farmer, 511 U.S. at 847). "Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, **nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances.**" Id. (citations omitted). A showing of deliberate indifference requires the prisoner to submit evidence that prison officials **refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar**

3

**conduct that would clearly evince a wanton disregard for any serious medical needs.** Id. (citations omitted).

Plaintiff's allegations fall short of the deliberate indifference standard that is necessary to state a claim under the Eighth Amendment. First, Plaintiff complains that the warden disregarded his complaint. However, Plaintiff admittedly showed "his scabies infection" to the warden prior to actually being diagnosed with "scabies". The prison warden is not a medical professional capable of making diagnoses. Additionally, the warden did not inflict the disease upon Plaintiff or prevent Plaintiff from obtaining medical treatment.

Second, Plaintiff complains that Nurse Spence acted with deliberate indifference on September 15, 2011, when she released Plaintiff from his isolation cell even though he was still infected with scabies. Plaintiff's allegation that he was still infected after almost a week on medication is conclusory. Even if he had been released too soon, it did not result in any harm to Plaintiff or put Plaintiff at a substantial risk of serious harm. Plaintiff clearly disagrees with the determination made by the nurse, but that fails to state a claim for which relief can be granted. See Stewart v. Murphy, 174 F.3d 530, 535 (5th Cir. 1999); Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985); Young v. Gray, 560 F.2d 201, 201 (5th Cir. 1977).

4

Finally, Plaintiff complains that Nurse Practitioner Richardson did not prescribe the proper medication to treat his scabies, and that she knew the medication would make his condition worse. Again, this allegation is entirely conclusory. Plaintiff clearly disagrees with the nurse practitioner's choice of permethrin to treat the infection. However, as noted above, the Fifth Circuit has repeatedly held that mere disagreement with medical treatment **does not** state a claim for deliberate indifference to serious medical needs under the Eighth Amendment. See Stewart v. Murphy, 174 F.3d 530, 535 (5th Cir. 1999); Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985); Young v. Gray, 560 F.2d 201, 201 (5th Cir. 1977).

Plaintiff does not allege facts showing that he was refused care or that the defendants intentionally treated him incorrectly with wanton disregard for his medical condition. Instead, he received an examination, diagnosis, and treatment. He was put on scabies medication and temporarily separated from the general population while being treated. As such, his allegations are not sufficient to establish that he was treated with deliberate indifference and do not state a violation of the Eighth Amendment. His claim should be dismissed.

### Conclusion

Accordingly, **IT IS RECOMMENDED** that Plaintiff's civil rights

5

complaint be **DENIED and DISMISSED WITH PREJUDICE** as failing to state a claim for which relief can be granted in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).

Under the provisions of 28 U.S.C. Section 636(b)(1)(c) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED at Alexandria, Louisiana, this 3rd day of October, ~~March,~~ 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE